**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LAKE REGION MANUFACTURING, INC.,<br><br>                   Plaintiff,<br><br>v.<br><br>ESTATE OF STEPHEN PAUL DRETLER,<br><br>                   Defendant. | Civil Action No. _____ |

## COMPLAINT

Plaintiff, Lake Region Manufacturing, Inc. ("Lake Region"), by its undersigned attorneys, states as its Complaint against Defendant:

1. This is an action seeking a declaration that a provision of the parties' agreement requiring continued payment of royalties after expiration of Defendant's patents is void according to established law, and that Plaintiff has no obligation to pay royalties under the parties' agreement because Defendant's patents have expired.

### The Parties

2. Plaintiff, Lake Region Manufacturing, Inc. ("Lake Region"), is a Minnesota corporation, which has its Senior Director, Senior Patent Counsel in this District, and is a subsidiary of Greatbatch, Ltd., and Integer Holding Corp. ("Integer"), which have a principal place of business in Clarence, New York.

3. Dr. Steven Dretler ("Dretler") entered into an agreement with MicroSpring Company, Inc. ("MicroSpring") in 1998, which was modified by an agreement between Dretler and MedSource Technologies LLC ("MedSource") in 2004.

4. Upon information and belief, Lake Region is the successor-in-interest to the parties' agreement.

5. Upon information and belief, Dretler passed away in January 2020.

6. Upon information and belief, up to and at the time of his passing, Dretler was a resident of Massachusetts.

7. Upon information and belief, Dretler's rights and obligations under the parties' agreement have passed to Defendant, the Estate of Stephen Paul Dretler ("Defendant").

## Jurisdiction and Venue

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship among the parties.

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case requires decision based on a question of federal patent policy, i.e., a question of federal law. *See Brulotte v. Thys Co.*, 379 U.S. 29 (1964).

10. This Court has jurisdiction pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

11. This Court has personal jurisdiction over Defendant pursuant to New York CPLR § 302 because this case arises from Defendant doing business with Lake Region, accepting payments from Lake Region from New York, and communicating with the Senior Director, Chief Patent Counsel of Lake Region in New York to demand continued payments.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiff's claims occurred here.

## The Parties' Agreements

13. On or about January 12, 1998 Dretler and MicroSpring entered into an "Assignment and Royalty Agreement" (the "Royalty Agreement") concerning Dretler's

invention of a medical device to prevent retrograde migration of kidney stones from the ureter into the renal calices during lithotripsy and similar medical procedures ("Dretler's Invention").

14. The Royalty Agreement assigned to MicroSpring any patent rights to Dretler's Invention.

15. The Royalty Agreement included provisions governing the payment of royalties to Dretler.

16. On September 16, 2003, the U.S. Patent and Trademark Office issued U.S. Patent No. 6,620,172 ("the '172 Patent"), covering Dretler's Invention.

17. Dretler and Paul D. Geragotelis were named as the inventors of the '172 Patent.

18. MedSource Technologies LLC ("MedSource") became successor-in-interest to MicroSpring's rights and obligations under the Royalty Agreement.

19. On or about June 24, 2004, Dretler and MedSource entered into a "Settlement Agreement and Mutual Release" ("the 2004 Agreement").

20. The 2004 Agreement modified the royalty provisions of the Royalty Agreement.

21. The 2004 Agreement does not distinguish between patent royalties and non-patent royalties.

22. The Royalty Agreement, as modified by the 2004 Agreement, does not distinguish between patent royalties and non-patent royalties.

23. The Royalty Agreement, as modified by the 2004 Agreement, requires payment based on the per unit sales of devices that are within the scope and protection of the '172 patent.

24. The Royalty Agreement, as modified by the 2004 Agreement, requires the same amount of royalty payments before and after expiration of patents covering Dretler's Invention.

25. The Royalty Agreement, as modified by the 2004 Agreement, does not end royalty payments following expiration of the last patent covering Dretler's Invention.

26. The Royalty Agreement, as modified by the 2004 Agreement, does not reduce royalty payments following expiration of the last patent covering Dretler's Invention.

### The Parties' Dispute

27. The '172 Patent expired in 2019.

28. All patents covering Dretler's Invention have expired.

29. Because it does not end or reduce the amount of royalty payments following expiration of the last patent covering Dretler's Invention, the royalty provisions of the Royalty Agreement, as modified by the 2004 Agreement, are an illegal attempt to expand the patent monopoly beyond the term of a patent, and those royalty provisions therefore became void upon expiration of the last patent covering Dretler's Invention.

30. By letter dated July 21, 2020, Lake Region informed a representative of Dretler's estate (i.e., Defendant) that all patents covering Dretler's Invention had expired, and that Lake Region therefore believed its royalty obligations had been satisfied upon expiration of the last of the patents covering Dretler's Invention.

31. By letter to Lake Region's Senior Director, Chief Patent Counsel in Clarence, NY, dated July 27, 2020, an attorney representing Defendant demanded that Lake Region continue to make royalty payments despite expiration of the last of the patents covering Dretler's Invention.

### FIRST CLAIM
### DECLARATORY RELIEF

32. Lake Region repeats and realleges the allegations set forth in each and every paragraph above.

33. Defendant has made demand to Lake Region for the payment of royalties.

34. Lake Region does not owe Defendant royalties.

35. There is an actual and justiciable controversy among the parties concerning whether any royalties are due.

36. Lake Region's obligation to pay royalties ended upon the expiration of the last of the patents covering Dretler's Invention.

37. Defendant's attempt to require the payment of royalties after the expiration of the last of the patents covering Dretler's Invention constitutes an illegal attempt to expand the patent monopoly beyond the term of a patent.

38. Lake Region is entitled to a judicial declaration that it is not obligated to make royalty payments because the last of the patents covering Dretler's Invention have expired.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that the Court grant it judgment as follows:

A. Declaring that Plaintiff does not owe Defendant royalties because the last of the patents covering Dretler's Invention have expired;

B. Awarding Plaintiff its court costs, reasonable attorneys' fees and legal expenses, in an amount to be fixed by the Court; and

C. Granting Plaintiff such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues.

Dated: July 31, 2020

        HARRIS BEACH PLLC

By: */s/James R. Muldoon*
    James R. Muldoon
    333 W. Washington Street
    Syracuse, New York 13202
    Telephone:  315-214-2021
    Facsimile:  315-422-9331
    *jmuldoon@harrisbeach.com*

    Steven P. Nonkes
    99 Garnsey Road
    Pittsford, New York 14534
    Telephone:  585-419-8800
    Facsimile:  585-419-8801
    *snonkes@harrisbeach.com*

    COUNSEL FOR PLAINTIFF

317352\4852-6479-9942\ v3